IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| BONNIE SANDEL | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:08-CV-443 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |
| | § | |

MEMORANDUM OPINION AND ORDER
ON MOTION FOR ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)

On November 20, 2008, Plaintiff initiated this lawsuit by filing a complaint seeking judicial review of the Commissioner's decision denying her application for Social Security benefits. The matter was referred to the undersigned for findings of fact, conclusions of law and recommendations for the disposition of pending motions pursuant to 28 U.S.C. § 636(b)(1).

*Background*

The Commissioner filed an answer to the complaint on January 27, 2009, and the Court issued an Order directing filing of briefs on January 28, 2009. Plaintiff filed her opening brief on February 27, 2009. The Commissioner filed a Brief in Response on April 20, 2009 and Plaintiff filed a Reply on May 4, 2009. On December 29, 2009, the undersigned issued a Report and Recommendation that the decision of the Commissioner be reversed and remanded, which the District Court adopted on February 18, 2010, and entered Final Judgment reversing and remanding accordingly.

1

On March 25, 2010, the parties filed a joint stipulation to the award of $5,641.00 in attorney fees plus $350.00 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 1412. On April 29, 2010, the Court ordered the combined sum of $5991.00 be paid to Plaintiff pursuant to the EAJA.

The Commissioner subsequently issued a favorable decision to Plaintiff on September 18, 2011. *See* Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) (the "Motion") at Ex. B. Thus, on September 29, 2011, Movant, Plaintiff's representing attorney during the litigation before this Court, filed the instant Motion (docket entry #17). The Commissioner filed a Response on October 3, 2011 (docket entry #18), in which he does not take a position as to the reasonableness of the award requested by Movant, but instead points out the law pertaining to the grant of such fees. He does note that if Movant accepts an award pursuant to § 406(b)(1), he must refund the $5,641.00 awarded under the EAJA to Plaintiff. Based on the Commissioner's award of past-due benefits, Movant seeks an award of $18,759.00 pursuant to 42 U.S.C. § 406(b)(1).

*Discussion*

The Act provides that when a court renders a judgment favorable to a claimant who was represented by an attorney in a Social Security disability matter, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total for past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1). The District Court can only award fees for work performed before the Court, and not for any work performed at the administrative level. *Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir.2005); *Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir.1990), *abrogated on other grounds*, *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

The ultimate issue is whether the award is reasonable. *See Gisbrecht*, 535 U.S. at 793; *Jeter v. Astrue*, 622 F.3d 371, 374 (5th Cir. 2010). This decision lies within the discretion of the court. *Gisbrecht*, 535 U.S. at 793; *Jeter*, 622 F.3d at 376. In making such determinations, the Supreme Court has concluded that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. However, courts should consider certain factors in determining the reasonableness of a § 406(b) fee, including but not limited to: (1) quality of the representation; (2) whether counsel was responsible for delay in the litigation while benefits accumulate during the case; or (3) whether the award is a "windfall" for counsel. *Gisbrecht*, 535 U.S. at 808; *Jeter*, 622 F.3d at 377. The Fifth Circuit has also interpreted *Gisbrecht* to hold that a district court may consider "lodestar" factors in its "windfall" determination, though the court may not rely on them alone. *Jeter*, 622 F.3d at 380 ("we conclude that courts may consider the lodestar in their analyses so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage.").

Here, the Social Security Administration awarded past-due benefits of $75,036.00. *See* Motion at Ex. B, p. 3. Twenty-five percent of this past-due benefit is $18,759.00. Movant asserts that the attorney hours expended on the representation totaled 33.5, *see* Affirmation of Counsel at 5 & Ex. C, which would amount to a per-hour rate of $559.97. The Commissioner suggests that an amount equaling no more than double a claimant's attorney's per hour non-contingency rate is reasonable, but that Movant has not provided his per hour non-contingency rate for the Court's comparison. However, even if he had, such an approach that is anchored in absolute hourly-rate reasonableness would seem to violate both *Gisbrecht's* and *Jeter's* admonition against giving "primacy" to a lodestar analysis over the terms of the contingency fee agreement between the

3

Plaintiff and his attorney. *Gisbrecht*, 535 U.S. at 792; *Jeter*, 622 F.3d at 379. Instead, the Court will consider this point as one factor in due course, as discussed below. In any event, the Commissioner does not ultimately object to the requested award.

Here, first and foremost, there was a contingency fee agreement between Movant and Plaintiff. *See* Motion at Ex. A. The signed agreement states in pertinent part, "If the case is remanded by the United States District Court to the Social Security Administration for review or additional testimony, and the Claimant/Plaintiff is awarded past due benefits by the Appeals Council or an Administrative Law Judge after an additional hearing, the Claimant/Plaintiff will pay the law firm twenty-five percent (25%) of the past due benefits." *Id.*, at ¶ II. Clearly, Plaintiff intended to pay Movant 25% - the maximum allowed under § 406(b) - if he obtained past-due benefits as a result of the representation.

There is no indication of any lack of quality in Movant's representation. In fact, the briefs prepared and submitted to this Court were detailed and raised several substantive issues, resulting in the Court's reversal and remand for further consideration. Ultimately, the Commissioner awarded benefits including the past-due amount of $75,036.00. The Commissioner does not dispute that the reversal and remand resulted from Movant's efforts on behalf of Plaintiff. Furthermore, Movant took on the contingency-basis case at considerable risk. The Administration had denied benefits on initial and subsequent review followed by an administrative hearing by an Administrative Law Judge, who also denied benefits. Despite the risk involved, Movant accepted the representation before this Court and arrived at a favorable outcome for Plaintiff.

There is also no indication of any delay undertaken by Movant.

In addition, it does not appear that this award represents a "windfall" to Movant due to its size. Although the equivalent hourly rate appears to be somewhat elevated, it reflects the substantial

4

risk involved, as discussed above. While the Commissioner comments, as noted above, that the Administration believes a reasonable award usually does not exceed twice the normal non-contingent fee for an attorney, nothing makes that belief a concrete benchmark. Other courts have found other multiples to be reasonable as part of a "windfall" analysis. *See, e.g., Jeter v. Comm'r of Soc. Sec.*, 2009 WL 909257, at *6 (W.D. La. Apr. 3, 2009) (2.5 times non-contingent rate is reasonable) (citing cases). Here, if the Court were to apply a factor of 2.5 to a notional non-contingent rate of $225.00 per hour, which is not uncommon in cases before this Court, it would result in the hourly amount of $562.50. That is squarely in the range of the equivalent hourly rate represented by Movant's claim, $559.97.

Considering other lodestar-type factors along with the issues discussed above, the Court finds that Movant's time represents considerable time and labor over the years 2008 and 2009 representing Plaintiff; Movant's efforts were ultimately successful in obtaining all of the relief Plaintiff sought; based on the favorable ruling, Plaintiff has been awarded substantial disability benefits, the accrued value of which may be considerably more as time goes by; and Movant's experience is not in doubt. *Pederson v. Astrue*, 2011 WL 1100215, at *2 -3 & n.2 (S.D. Tex. Feb. 25, 2011). Overall, the Court does not find that the award Movant seeks constitutes a "windfall."

Next, Movant acknowledges that he has already been awarded the amount of $5,641.00 under the EAJA and that the lesser of the award under the EAJA or the award under § 406(b) must be refunded to the Plaintiff. *See* Motion at 2; *Astrue v. Ratliff*, - - - U.S. - - - -, 130 S. Ct. 2521, 2528 n.4, 177 L. Ed. 2d 91 (2010) (citing 1985 amendment note to 28 U.S.C. § 2412); *Jeter*, 622 F.3d at 375. In this case, Movant requests that the Court order the Commissioner to pay him $13,118.00 and to pay the balance, or the equivalent amount of $5,641.00 previously awarded under the EAJA,

directly to the Plaintiff. Although that sounds logical, the Commissioner objects to this approach, arguing:

> Moreover, the attorney may not request a "net" fee under § 406(b) by subtracting EAJA fees that he or she has already received. Such a request is inappropriate because EAJA fees are paid out of Agency funds, while § 406(b) fees are paid out of Plaintiff's past-due benefits.

Comm'r Response at 5. Instead, he contends that "[t]he court should award the entire § 406(b) amount, and the attorney must refund the lesser fee to the claimant," citing *McGraw v. Barnhart*, 450 F.3d 493, 497 n.2 (10th Cir. 2006) (it is "more appropriate for counsel to make the required refund to his client, rather than to delegate that duty to the Commissioner."). *See* Comm'r Response at 5. Movant has not replied to this limited objection and, indeed, this method is the process this Court has used in the past to order such payments. Therefore, the Court will so order.

After due consideration, in light of the foregoing, it is hereby

**ORDERED** that Movant's Motion for Attorney Fees Pursuant to § 406(b) of the Social Security Act (docket entry #17) is hereby **GRANTED**. Movant shall be awarded the sum of $18,759.00, to be paid out of Plaintiff's past-due benefits for representation before this Court in this matter. It is further

**ORDERED** that, concomitant with the award of attorney fees under § 406(b) herein, Movant shall refund the amount of $5,641.00 to Plaintiff.

**So ORDERED and SIGNED this 27th day of October, 2011.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE